

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print                                      Logon

**1222-AC12298 - KIMBERLY A CARTER V GENERAL REVENUE CORPORATION (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending          Display Options: All Entries

| | |
|---|---|
| 09/06/2012 | **Hearing Scheduled**<br>Scheduled For: 11/01/2012; 9:30 AM ; CALEA STOVALL-REID; City of St. Louis<br>**Hearing Continued/Rescheduled**<br>Hearing Continued From: 09/13/2012; 9:30 AM Hearing |
| 08/20/2012 | **Summons Issued-Associate**<br>Document ID: 12-ADSM-10156, for GENERAL REVENUE CORPORATION. |
| 08/01/2012 | **Hearing Scheduled**<br>Associated Entries: 09/06/2012 - Hearing Continued/Rescheduled<br>Scheduled For: 09/13/2012; 9:30 AM ; CALEA STOVALL-REID; City of St. Louis<br>**Pet Filed in Associate Ct**<br>**Motion Special Process Server**<br>**Judge Assigned** |

Case.net Version 5.12.1.1.1          Return to Top of Page          Released 08/06/2012

**EXHIBIT A**



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CALEA STOVALL-REID | Case Number: 1222-AC12298 |
| Plaintiff/Petitioner:<br>KIMBERLY A CARTER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS Jr.<br>1 North Taylor<br>St Louis, MO  63108 |
| Defendant/Respondent:<br>GENERAL REVENUE CORPORATION | Date, Time and Location of Court Appearance:<br>13-SEP-2012, 09:30 AM |
| Nature of Suit:<br>AC Other Tort | Division 27<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |

(Date File Stamp)

## Associate Division Summons

The State of Missouri to: **GENERAL REVENUE CORPORATION**
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

**SPECIAL PROCESS SERVER**



*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

August 20, 2012
Date

M. Jane Schweitzer
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Service must not be made less than ten days nor more than thirty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server    _____ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date    Notary Public

**Sheriff's Fees, if applicable**
Summons  $_____
Non Est  $_____
Mileage  $_____ ( _____ miles @ $ _____ per mile)
Total    $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM20 (ADSM) *For Court Use Only:* Document ID# 12-ADSM-10156    1 of 1    517.041 RSMo

IN THE CIRCUIT COURT
ASSOCIATE DIVISION
FOR THE CITY OF ST. LOUIS
STATE OF MISSOURI



FILED
AUG - 1 2012
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

KIMBERLY A. CARTER )
)
Plaintiff, )
v. )
) CASE NO. 1222-AC12298
GENERAL REVENUE CORPORATION )
)
Serve at: )
CT Corporation System )
120 South Central Avenue )
Clayton, MO 63105 )
)
Defendant. )   **JURY TRIAL DEMANDED**

## PETITION

COMES NOW, Plaintiff, Kimberly A. Carter, and for her Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d). Venue is appropriate in this Court because Defendant aimed its collection activity and committed the violations of the FDCPA described herein at and in the City of St. Louis, Missouri.

3. This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b). Venue is appropriate in this Court because Defendant placed prohibited telephone calls to Plaintiff at Plaintiff's cellular phone located in the City of St. Louis, Missouri.

### PARTIES

1

4. Plaintiff is a natural person currently residing in the City of St. Louis, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. To the best of Plaintiff's understanding, the debt is for student loans.

5. Plaintiff maintains and pays monthly charges for a personal cellular telephone with a telephone number ending with 6455.

6. Defendant is a foreign corporation registered to do business in Missouri, with its principal place of business located in Horseheads, New York. The principal business purpose of Defendant is the collection of debts nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

8. Defendant began its collection activity in May 2012.

9. Defendant has contacted third-parties in connection with the collection of Plaintiff's alleged debt, disclosing the existence of the debt to those parties.

10. For example, Defendant has contacted Plaintiff's co-workers.

11. During May 2012, within thirty (30) days of Defendant's initial collection communication, Defendant called Plaintiff's employer.

12. Plaintiff's co-worker Brandy answered the call.

13. Defendant identified itself to Brandy as a debt collector, and Defendant told her that Plaintiff owed a debt from a student loan.

14. Defendant also stated that it would call Plaintiff's supervisor and "tell on her" if Plaintiff did not pay the debt.

2

15. Plaintiff was made aware of Defendant's call because Brandy told her that Defendant was on the phone, and that Defendant had threatened to contact Plaintiff's supervisor.

16. Plaintiff took Defendant's call from Brandy. While speaking with Plaintiff, Defendant demanded payment on her alleged debt.

17. Defendant has also contacted individuals, including John Elston.

18. Elston is the father of Plaintiff's daughter, but he and Plaintiff are not married and have never been married. They share custody of their daughter, but have no other legal relationship. They do not share a household.

19. Defendant has called Elston at least ten times.

20. Defendant left a message for Elston each time, stating that they are attempting to contact Plaintiff.

21. Finally, Defendant has contacted Plaintiff directly, repeatedly calling Plaintiff on her cellular phone.

22. On or about July 19, 2012, Plaintiff returned one of Defendant's calls.

23. Plaintiff asked Defendant what would happen if she did not pay the debt.

24. Defendant stated that Plaintiff's "taxes will be taken every year." Defendant did not explain what "taking taxes" involved.

25. Defendant stated that it had record of Plaintiff's home address, and Plaintiff confirmed that the address was correct.

26. Plaintiff requested that Defendant only contact her by mail. She asked Defendant to stop contacting third-parties about her alleged debt, and to stop calling Plaintiff's cellular phone.

27. At all times relevant, all calls Defendant made to Plaintiff were from Defendant's automatic telephone dialing system, as defined by 47 USC 227(a)(1).

3

28. Defendant's automatic telephone dialing system has the capacity to store, generate, and call telephone numbers and that system does in fact store and dial Plaintiff's cellular phone number.

29. Defendant knows or should know that it is calling Plaintiff on his cell phone.

30. Plaintiff never provided consent to Defendant to be contacted on her cell phone.

31. Plaintiff never provided consent to any party related to or involved with the debt to being called on her cellular phone with an autodialer such as Defendant's.

32. To the best of Plaintiff's recollection, she never agreed to any arbitration or class waiver provisions (either with her original creditor or any other party) that could apply to any of her claims against Defendant.

33. Defendant's above described conduct caused Plaintiff to suffer distress and anxiety and caused Plaintiff to suffer monetary loss in at least the amount of her cellular charges.

## COUNT I: VIOLATION OF THE FDCPA

34. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

35. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

   a. Contacting a person other than the consumer and stating that the consumer owes a debt; 15 U.S.C. § 1692b(2);

   b. Contacting a person other than the consumer repeatedly, when Defendant had Plaintiff's location information, and without Plaintiff's express consent; 15 U.S.C. §§ 1692b(3), 1692c(b);

   c. Making a false, deceptive, or misleading statement in connection with the collection of a debt, including threatening to take action that cannot be taken, by stating that it would be "taking" Plaintiff's taxes each year; 15 U.S.C. § 1692e;

4

    d.    Engaging in collection activities which overshadow and are inconsistent with Plaintiff's right to dispute her alleged debt in accordance with 15 U.S.C. 1692g(a) by demanding payment within thirty (30) days of Defendant's initial collection communication; 15 U.S.C. § 1692g(b);

    e.    Causing a telephone to ring repeatedly with the intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5);

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.    Actual damages;

    B.    Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

    C.    For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

36.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

37.    In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

    a.    By placing many non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of Plaintiff. 47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against Defendant for:

    A.    Actual damages;

    B.    Statutory damages pursuant to 47 USC (b)(3); and

    C.    For such other relief as the Court may deem just and proper.

5

EASON & VOYTAS, LLC

*/s/ James W. Eason*

JAMES W. EASON, #57112
RICK A. VOYTAS, #52046
EASON & VOYTAS, LLC
1 N. Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:    (314) 667-3161
rickvoytas@gmail.com